UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GREGORY TUCKER,

          Petitioner,

v.                                                           Case No. 23-cv-1468-bhl

WARDEN CHERYL EPLETT,

          Respondent.

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITONER'S SECTION 2254 HABEAS PETITION

      On November 3, 2023, petitioner Gregory Tucker, a state prisoner currently incarcerated at Oshkosh Correctional Institution, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 claiming that his appellate (or, more accurately, postconviction) counsel was ineffective on various grounds. (ECF Nos. 1 & 1-1.) The Court screened the petition on December 28, 2023 and noted that it appeared to be untimely under the Antiterrorism and Effective Death Penalty Act (AEDPA)'s one-year statute of limitations, given that Tucker's state-court conviction became final nearly twenty years ago, in 2006. (ECF No. 7.) But the Court observed that statutory or equitable tolling, if applicable, might render Tucker's petition timely. (*Id.*) Because it could not conclusively determine that Tucker's petition was untimely, it ordered Respondent to answer the petition, or file a dispositive motion. (*Id.* at 2–3.) Respondent chose the latter route and filed a motion to dismiss for untimeliness on February 23, 2024. (ECF Nos. 10 & 11.) Because the Court agrees that Tucker's motion is untimely, his petition will be dismissed.

## BACKGROUND

      On September 14, 2006, Tucker was convicted by a Milwaukee County jury of first-degree reckless homicide and two counts of substantial battery intended to cause bodily harm. (ECF No. 11-1 at 2.) On November 2, 2006, he was sentenced to a total of 41 years in prison followed by 14 years of extended supervision. (*Id.*) After sentencing, Tucker filed a timely notice of intent to pursue postconviction relief pursuant to Wis. Stat. Rule § 809.30(2)(b). (ECF No. 11-5 at 1.) The Wisconsin State Public Defender appointed Attorney Robert W. Peterson as postconviction

counsel and ordered transcripts. (*Id.*) But Peterson did not file a postconviction motion, notice of appeal, or no-merit report on Tucker's behalf. (*Id.* at 2.) Four years later, on November 9, 2010, Tucker filed a letter asking if and when a notice of appeal was filed on his behalf. (ECF No. 11-3 at 1.) He later filed a motion to extend the deadline to file his direct appeal, but the Wisconsin Court of Appeals denied his motion on January 19, 2011. *See* Record, *State v. Tucker*, Milwaukee Cnty. Cir. Ct. No. 2004CF003622 (available electronically at https://wcca.wicourts.gov/).

Tucker took no further official action on his case until June 24, 2019, when he filed a *pro se* petition for a writ of habeas corpus in the Wisconsin Court of Appeals. (ECF No. 11-5 at 2.) In his petition, Tucker alleged that Peterson provided ineffective assistance of counsel because he closed Tucker's file without action despite Tucker's desire to pursue an appeal. (*Id.*) Tucker sought reinstatement of his postconviction and appellate rights. (*Id.*) The court of appeals remanded the case for fact-finding, and the circuit court appointed new counsel to represent Tucker. (*Id.*) The circuit court held two hearings, at which Tucker and Peterson both testified. (*Id.*) At the hearings, Peterson testified that he informed Tucker that further postconviction proceedings would lack arguable merit and Tucker had then directed him to close the file. (*Id.* at 5–6.) The circuit court found counsel's testimony credible and Tucker's alternate version of events not credible. (*Id.* at 4.) The case was then returned to the court of appeals, which denied Tucker's petition on June 23, 2022. (*Id.* at 2–3.) The court of appeals adopted the circuit court's findings and concluded that Peterson was not ineffective because he "fulfilled his responsibilities as appointed counsel and . . . Tucker knowingly and voluntarily waived his right to appointed counsel and to an appeal." (*Id.* at 7.) Tucker filed a motion for consideration in the court of appeals, which was denied on July 27, 2022. (ECF No. 1-2 at 1.) He then filed a petition for review in the Wisconsin Supreme Court, which was denied on November 16, 2022. (*Id.* at 2.)

This habeas petition followed on November 3, 2023. In his petition, Tucker alleges that he was denied effective assistance of appellate counsel because Peterson closed Tucker's file without his consent and deprived him of the ability to pursue an appeal. (ECF No. 1-1.)

## LEGAL STANDARD

AEDPA created a one-year statute of limitations for federal habeas corpus actions. 28 U.S.C. § 2244(d)(1). This one-year limitation period applies to any habeas petition that is filed under 28 U.S.C. § 2254 after the effective date of AEDPA, April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 322, 326–27 (1997). The limitations period runs from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). When a defendant does not appeal in accordance with Wis. Stat. § 809.30(2)(b), his conviction becomes final the day after an applicable deadline is missed. *See Farmer v. Litscher*, 303 F.3d 840, 845–46 (7th Cir. 2002).

The one-year limitation period is subject to tolling. By statute, the limitations period is tolled for any period "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in state court. 28 U.S.C. § 2244(d)(2). But a postconviction motion only tolls, and does not restart, the one-year limitation period. *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). The limitation period can also be equitably tolled. *See Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013) But equitable tolling is an "exceptional remedy" that is only available to a habeas petitioner who "shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

## ANALYSIS

In Respondent's view, this matter is easily resolved. Because Tucker never appealed his conviction, his conviction became "final" and the AEDPA clock began to run the day his deadline to appeal under Wis. Stat. § 809.30(2)(b) expired, on March 25, 2008. (ECF No. 11 at 5–6.) His one-year deadline to file a federal habeas petition under AEDPA was therefore March 25, 2009, and because Tucker did not file his petition, or a state court petition that would toll the deadline, before that date, his petition is untimely. (*See id.* at 6.) Tucker does not respond directly to Respondent's argument and instead focuses his briefing on the merits of his ineffective assistance claims. (*See* ECF No. 14.) Tucker nevertheless invokes both statutory and equitable tolling. (*See* ECF No. 16.) Tucker's arguments were raised only in his sur-reply brief, leaving Respondent no

opportunity to respond. The Court will nevertheless address Tucker's tolling arguments because they are in any event insufficient to establish that he is entitled to statutory or equitable tolling sufficient to render his petition timely. In the end, the record confirms that Tucker's petition is untimely under AEDPA and must be dismissed.

AEDPA's 1-year period of limitation begins to run from the latest of four potential start dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Respondent insists that Tucker's limitations period began to run from March 25, 2008, "the date on which [his] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* § 2244(d)(1)(A). But Tucker's claim is for ineffective assistance of *appellate* counsel, implicating Section 2244(d)(1)(D). In the context of an ineffective assistance claim, the factual predicate of the claim will often not be discoverable until sometime after trial and conviction. *See Maddox v. Pollard*, No. 08-C-984, 2008 WL 5111093, at *2 (E.D. Wis. 2008) (citing *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000)) (noting that factual predicate for ineffective assistance of appellate counsel claim existed only after counsel failed to submit timely appeal). The record does not clearly show when Tucker could have reasonably discovered the factual predicate of his ineffective assistance claims. During the hearings on Tucker's state habeas petition, the circuit court found that Tucker instructed Peterson to close his file in May 2008. (ECF No. 11-5 at 7.) But there were factual disputes concerning that action and over subsequent events. (*See* ECF No. 1-1; ECF No. 14 at 9–10.) The record is clear, however, that the *latest* date on which Tucker could reasonably have discovered the factual predicate for his claims is January 19, 2011, when the Wisconsin Court of Appeals denied Tucker's motion to extend his time to file an appeal. *See* Record, *State v. Tucker*, Milwaukee Cnty. Cir. Ct. No.

2004CF003622 (available electronically at https://wcca.wicourts.gov/). Thus, by that date, Tucker was necessarily aware that Peterson had closed his file and that his appellate rights had been forfeited as a result.

Even using this date as the starting date for Tucker's habeas petition, his deadline expired on January 19, 2012, more than 11 years before he filed this federal habeas petition. Thus, Tucker's petition is only timely if subject to statutory and/or equitable tolling sufficient to offset the apparent tardiness of his filing.

In terms of statutory tolling, Tucker filed a petition for a writ of habeas corpus in state court on June 24, 2019, raising the same or substantially similar claims of ineffective assistance of counsel. That petition statutorily tolled his AEDPA clock while it was pending, *see* 28 U.S.C. § 2244(d)(2), but Respondent is correct that Tucker's filing only tolled his AEDPA clock; it did not reset it. (*See* ECF No. 11 at 4 (citing *De Jesus*, 567 F.3d at 943).) And that one-year clock ran out more than seven years before Tucker filed his state habeas petition. Accordingly, Tucker's petition is untimely unless he is entitled to equitable tolling.

Tucker does not explicitly argue that he is entitled to equitable tolling, but he asks the Court to forgive his tardiness "because he is a layman and did not understand the law." (ECF No. 16 at 1.) The Court will deem this a request for equitable tolling. But the request fails. Tucker indicates that he spent the eight years between when his motion to extend his time to appeal was denied and his state habeas petition "learning the proper forum and vehicle in which to file such a motion" and also gathering evidence from the district attorney's office. (ECF No. 16 at 3.) This rationale is insufficient to justify equitable tolling. In *Tucker v. Kingston*, the Seventh Circuit held that "lack of legal expertise is not a basis of equitable tolling." 538 F.3d 732, 734–35 (7th Cir. 2008). Moreover, Tucker cannot credibly argue that he was diligently pursuing his rights when more than eight years passed without him filing any motion for relief in state or federal court. "Although the diligence required for equitable tolling is 'reasonable diligence' not 'maximum feasible diligence,' mere conclusory allegations of diligence are insufficient and reasonable effort throughout the limitations period is required." *Mayberry v. Dittman*, 904 F.3d 525, 531 (7th Cir. 2018) (internal citations omitted). Tucker's conclusory argument that he was "learning the proper forum and vehicle in which to file" cannot justify a delay of more than eight years in filing *any* petition in state or federal court.

Tucker attempts to blame his postconviction counsel, but that argument is misplaced. (*See* ECF No. 16 at 6–7.) Even accepting Tucker's version of the events, which the state court in fact rejected, Tucker cannot blame Peterson for any delay. Tucker was himself aware by at least January 2011 that his direct appeal rights had been forfeited and that Peterson was not representing him in any capacity. Even if Peterson had been ineffective in closing Tucker's file (a conclusion the state courts have rejected), Tucker was responsible for his eight-year delay in filing his state habeas petition. That failure belongs to Tucker alone and cannot be forgiven through equitable tolling. Accordingly, Tucker's petition will be denied as untimely.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the rules Governing Section 2254 Cases, the Court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitution right. *See* 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (citation and internal quotations omitted). The Court declines to issue a certificate of appealability because reasonable jurists could not debate the Court's decision to deny the petition on the merits.

## CONCLUSION

Tucker's deadline to file a federal habeas petition asserting claims for ineffective assistance of his postconviction counsel was no later than January 19, 2012. Tucker missed that deadline by many years and neither statutory nor equitable tolling can make his petition timely.

Accordingly,

**IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss, ECF No. 10, is **GRANTED**.

**IT IS FURTHER ORDERED** that Tucker's petition for writ of habeas corpus under 28 U.S.C. § 2254, ECF No. 1, is **DENIED** as untimely under 28 U.S.C. § 2244(d), and the case is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that because the Court does not find that a reasonable jurist

could conclude that the petition should have been resolved in a different manner, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on September 30, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge